IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JONATHAN F. JACKSON | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| VS. | § | Case No. 4:12cv524 |
| | § | |
| WELLS FARGO BANK, N.A. | § | |
| and UNKNOWN PARTIES | § | |
| | § | |
| Defendants | § | |

### REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is Plaintiff's Emergency Application Temporary Restraining Order (Dkt. 28). As set forth below, the Court finds that it should be DENIED.

#### STANDARD

Under Rule 65 of the Federal Rules of Civil Procedure, "[e]very order granting an injunction and every restraining order shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail ... the act or acts sought to be restrained...." FED. R. CIV. P. 65(d). A plaintiff seeking injunctive relief must show:

(1) a substantial likelihood of success on the merits,

(2) a substantial threat that plaintiff will suffer irreparable harm if the injunction is not granted,

(3) that the threatened injury outweighs any damage that the injunction might cause the defendant, and

1

 (4)  that the injunction will not disserve the public interest.

*Palmer v. Waxahachie Indep. Sch. Dist.*, 579 F.3d 502, 506 (5th Cir. 2009); *Nichols v. Alcatel USA, Inc.*, 532 F.3d 364, 372 (5th Cir. 2008). Plaintiff bears the burden to prove all four requirements in order to be entitled to injunctive relief. *Palmer*, 579 F.3d at 506.

### FACTUAL BACKGROUND AND EVIDENCE PRESENTED

The Court held a hearing on Plaintiff's motion on May 31, 2013, at which Plaintiff testified. The parties also submitted evidence in support of their respective positions.

By his motion, Plaintiff seeks to stop a foreclosure on his home located at 1705 Knoll Court, Allen, Texas ("the Property") scheduled for June 4, 2013. Plaintiff testified that, after he fell on hard financial times, he engaged in several periods of loan negotiations with his lender, Wells Fargo. Then, in late 2011, he apparently filed for bankruptcy to stay any attempts at foreclosure on the Property.

According to the evidence presented to the Court, the bankruptcy stay was lifted in April 2012, and in July or August or 2012 Wells Fargo attempted to foreclose again. The underlying lawsuit was filed, according to Plaintiff, to stop that attempt at foreclosure and a temporary restraining order was issued in state court. That order having expired and the case removed, Defendant has now noticed the Property for foreclosure once again.

Plaintiff has argued that he is now employed after a period of unemployment, that he seeks to preserve is equity in the Property, that his ailing mother lives there with him, and that they would be without a place to live if foreclosed on.

## ANALYSIS

Having considered the testimony and evidence presented, the Court finds that Plaintiff has not demonstrated a likelihood of success on the merits such that the foreclosure should be restrained. Primarily, at the hearing, Plaintiff conceded that he had not made all payments to Wells Fargo and was not current on his loan payments at this time. He also testified that he knew that if he didn't make all the payments he could be foreclosed on. *See, e.g. Water Dynamics, Ltd. v. HSBC Bank USA, Nat. Ass'n*, 2013 WL 363118, 1 (5th Cir. 2013) ("a party in default cannot assert a claim for breach against the other party"); *Cruz v. CitiMortgage, Inc.*, 2012 WL 1836095, 3 (N.D. Tex. 2012) ("Moreover, Plaintiffs do not allege that they performed under the Note or Deed of Trust, and they acknowledge that the property was transferred to CitiMortgage but contend merely that the assignment was invalid because the Note and Deed were split. Accordingly, Plaintiffs' claims on this ground fail to state a claim upon which relief can be granted."). Having considered the undisputed fact that Plaintiff has not made payments to Wells Fargo,[1] the Court finds that Plaintiff has not demonstrated a likelihood of success on any claim that Defendant is not entitled to exercise its rights under the parties' agreement.

More importantly, the Court finds that the payment of monthly payments to Wells Fargo was already addressed by the bankruptcy court in its September 7, 2011 Agreed Order Conditioning Automatic Stay Against Debtor Pursuant to 11 U.S.C. § 362 which provided as follows:

---

[1] Plaintiff also acknowledged that he owes outstanding taxes on the Property.

> **Current Monthly Payments**: Debtor shall continue to remit to the Movant[2] the regular post-petition monthly payments beginning October 01, 2011, and continue said payments thereafter pursuant to that certain Note and Deed of Trust dated July 18, 2003....

Defendant's Exhibit 15, ¶2.

The Agreed Order further provides that failure to make a payment and failure to cure in accordance with the Order terminated the automatic stay as to Wells Fargo, allowing it "to take any and all steps necessary to exercise any and all rights in may have in the collateral" Property. Defendant's Exhibit 15, ¶9. The May 2012 Plan Confirmation and Agreed Order in the bankruptcy matter further directs the Plaintiff-Debtor to make monthly payments to Wells Fargo in the amount of $2,494.00 and states that "the automatic stay provisions of 11 U.S.C. Sec. 362 are hereby terminated and annulled" as to the Wells Fargo claims. Defendant's Exhibit 19, ¶¶ 10 & 11. The bankruptcy court pleadings also indicate that Plaintiff did not disclose any of his claims against Wells Fargo in the schedules submitted. *See* Defendant's Exhibits 13 & 14.

Plaintiff was questioned about his 2011 bankruptcy at the hearing before the undersigned. He stated that he did not know that he had to list the claim against Wells Fargo at that time but that the filing of the bankruptcy was intended to stop the foreclosure. Plaintiff later testified that he told his bankruptcy attorney that he felt he had a claim against Wells Fargo but that it was his attorney's responsibility to list it. Plaintiff conceded that he ultimately was the person who signed the bankruptcy materials which were silent as to any claims against Wells Fargo.

---

[2] Wells Fargo is the designated Movant.

According to Plaintiff, the bankruptcy plan was to pay $860 per month to the bankruptcy court. When asked whether he paid Wells Fargo any mortgage payments after October 2011, he stated he made "some," but acknowledged he has not made full payments with any regularity. Plaintiff has not demonstrated how his claims here are not barred by *res judicata* or judicial estoppel such that, assuming they are viable claims in this Circuit, he would succeed on them. *Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401 (5th Cir. 2009) (res judicata applies when (1) the parties in a prior and present suit are identical; (2) a court of competent jurisdiction rendered the prior judgment; (3) the prior judgment was final and on the merits; and (4) the plaintiff raised the same cause of action in both suits); *Kane v. National Union Fire Ins. Co.*, 535 F.3d 380, 385-386 (5th Cir. 2008).[3]

Plaintiff also has not yet demonstrated a breach of any agreement by Defendant. Indeed, at the hearing Plaintiff conceded that there was no signed agreement for modification after the bankruptcy plan was put in place.

Plaintiff says he will be irreparably injured if he is foreclosed on because he probably could not afford to even rent anywhere and would be homeless. The Court is not persuaded by this argument. Indeed, according to Plaintiff (and counsel) Plaintiff has been making payments – in the

---

[3] "We have recognized three particular requirements that must be met in order for judicial estoppel to operate: (1) the party is judicially estopped only if its position is clearly inconsistent with the previous one; (2) the court must have accepted the previous position; and (3) the non-disclosure must not have been inadvertent. In the context of judicial estoppel, "inadvertence" requires either that the debtor lacks knowledge of the undisclosed claim *or* has no motive for its concealment. In this circuit, we have applied judicial estoppel to bar an unscheduled claim when others, the debtors or other insiders, would benefit to the detriment of creditors if the claim were permitted to proceed." (internal quotations and citations omitted).

approximate amount of his monthly mortgage payments – to his attorney as part of the firm's representation of him in this matter. That he chooses to not use those funds for housing does not mean he is wholly unable to pay rent or mortgage payments.

Plaintiff also claims his credit has been damaged by Defendant's actions which would make it difficult for him to rent. Plaintiff has not offered any independent evidence to support such damage to credit, nor has Plaintiff offered any authority that would prevent a lender from charging fees or making negative credit reports when a borrower fails to make loan mortgage payments as agreed. *See Pennington v. HSBC Bank USA, N.A.*, 493 Fed. Appx. 548, 556, 2012 WL 4513333, 5 (5th Cir. 2012) ("If they truly were unable to make the payments, they still would have fallen behind, accrued interest, suffered late charges, and owed addition payments on that interest.").

Plaintiff argues that Defendant is still accruing interest on the loan so the harm to it is not outweighed by the harm to Plaintiff in his potential loss of equity in the home. The Court is similarly not convinced that this argument has any legal merit. Lenders are in the business of lending money in order to recover both principal and interest. Moreover, according to evidence presented by Defendant at the hearing, there is some discrepancy as to the fair market value in the house and Plaintiff's claimed equity in it. Nonetheless, there is no authority that would indicate that the fact that the Property may have increased in value since Plaintiff acquired his loan would strengthen his claims here.

For these reasons, the Court recommends that Plaintiff's Emergency Application Temporary Restraining Order (Dkt. 28) be DENIED. Within fourteen (14) days after service of the magistrate judges's report, any party may serve and file written objections to the finding and recommendations

of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

Failure to timely file written objections to the proposed findings and recommendations contained in this report shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 3rd day of June, 2013.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE