# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| **JONATHAN F. JACKSON,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **Case No. 4:12CV524-RAS-DDB** |
| | § | |
| **WELLS FARGO BANK, N.A. AND** | § | |
| **UNKNOWN PARTIES** | § | |
| | § | |
| **Defendants.** | § | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss Plaintiff's First Amended Complaint (Dkt. 13).  As set forth below, the Court finds that the motion should be GRANTED in part and DENIED in part.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On or about October 31, 2001, Plaintiff Jonathan F. Jackson and his wife purchased a home located at 1705 Knoll Court, Allen, Texas 75002 ("the Property") secured by a Deed of Trust and executed a Promissory Note ("the Note") with Defendant Wells Fargo Bank, N.A. ("Wells Fargo"). *See* Dkt. 9 at ¶¶ 8-9.  According to Plaintiff, due to economic difficulties starting in 2006, on or about October 30, 2007, Plaintiff contacted Defendant Wells Fargo about a home equity loan, but was later denied on or about November 10, 2007.  *Id.* at ¶ 10.  Plaintiff then applied for a loan modification and claims to have contacted Defendants about a repayment plan starting around December 2007 up until January 5, 2010.  *Id.* at ¶¶ 11-31.  During this period, Plaintiff claims to

1

have repeatedly submitted loan modification applications and financial statements to Defendant with no success.  *Id*.  On or about February 18, 2010, Plaintiff received a notice of acceleration from Defendant Wells Fargo stating that the Property would be posted for foreclosure sale on April 6, 2010.  *Id*. at ¶33.  According to Plaintiff, the Property was ultimately posted for foreclosure on January 4, 2011, and, on the same day, Plaintiff filed for Chapter 13 bankruptcy relief in the Eastern District of Texas to prevent Defendant from foreclosing on his Property.  *Id*. at ¶ 47.

In April 2012, the bankruptcy stay was lifted, and, in August 2012, Wells Fargo attempted to foreclose again.  *Id*. at  ¶ ¶ 47-48.  On or about August 3, 2012, Plaintiff filed suit in the 401st Judicial District of Collin County, Texas and the matter subsequently was removed to this Court on August 15, 2012.  *See* Dkt. 1.[1]

Since removal, Plaintiff has amended his original complaint to assert the following causes of action against Defendant Wells Fargo and Unknown/John Doe Defendants:[2] (1) breach of contract and anticipatory breach of contract; (2) common law tort of unreasonable collection efforts; (3) violations of the Deceptive Trade Practices Act; (4) violation of Texas Debt Collection Practices Act; and (5) negligent misrepresentation.  *See* Dkt. 9.  Plaintiff also seeks a declaratory judgment, exemplary damages and an accounting of all transactions on his mortgage loan.  *Id*.

---

[1]Since removal, Defendant noticed the Property for foreclosure once again.  In June 2013, Plaintiff sought injunctive relief to stop those foreclosure efforts, but the Court has recommended that his request be denied.  *See* Dkt. 34.  It is unclear whether Defendant foreclosed on the Property based on the record currently before the Court.

[2]Since removal, Plaintiff has not supplemented the record to identify these Defendants, nor has any John Doe defendant been served.  Plaintiff requested remand based on these Defendants' presumed Texas residence, but the Court has recommended that his request be denied.  *See* Dkt. 12.

Defendant Wells Fargo has filed a motion to dismiss, seeking to dismiss Plaintiff's claims. *See* Dkt. 13.   Defendant makes the following arguments: (1) Plaintiff's claims are barred by the doctrines of judicial estoppel and *res judicata*, and are preempted by the National Bank Act; (2) Plaintiff fails to state a contract claim, fails to state a claim for unreasonable debt collections, fails to state a claim for violations of the Texas Debt Collection Act and Deceptive Trade Practices Act, and fails to state a negligent misrepresentation claim; and (3) Plaintiff's claims for accounting, declaratory relief, and exemplary damages warrant dismissal.   Plaintiff has filed a response in opposition.

## STANDARD FOR MOTION TO DISMISS

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a party may move for dismissal of an action for failure to state a claim upon which relief can be granted.   FED. R. CIV. P. 12(b)(6).   The Court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff.   *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).   A claim will survive an attack under Rule 12(b)(6) if it "may be supported by showing any set of facts consistent with the allegations in the complaint."   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563, 127 S. Ct. 1955, 1969, 167 L. Ed.2d 929 (2007).   In other words, a claim may not be dismissed based solely on a court's supposition that the pleader is unlikely "to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder."   *Id*. at 563 n.8.

Although detailed factual allegations are not required, a plaintiff must provide the grounds of his entitlement to relief beyond mere "labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do."   *Id*. at 555.   The complaint must be factually suggestive,

so as to "raise a right to relief above the speculative level" and into the "realm of plausible liability."

*Id*. at 555, 557 n.5.  "To survive a motion to dismiss, a complaint must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*,

556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009), (quoting *Twombly*, 550 U.S. at 570,

127 S. Ct. 1955)).  For a claim to have facial plausibility, a plaintiff must plead facts that allow the

court to draw the reasonable inference that the defendant is liable for the alleged misconduct.

*Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009).  Therefore, "where the well-pleaded facts do

not permit the court to infer more than the mere possibility of misconduct, the complaint has

alleged – but it has not shown – that the pleader is entitled to relief."  *Id*. (internal quotations

omitted).

## ANALYSIS

Before the Court addresses whether any or all of Plaintiff's claims are barred by judicial

doctrines or federal regulations, the Court will first determine whether, even assuming Plaintiff can

bring such actions, he has sufficiently stated a claim.

### **Breach of Contract/ Anticipatory Breach of Contract Claim**

Plaintiff's first cause of action is for breach of contract, wherein Plaintiff bases his claim on

several theories.  Defendant argues that Plaintiff's breach of contract and anticipatory breach of

contract are not viable claims.  The Court agrees in part but finds that Plaintiff has stated a claim as

to breach of the mortgage documents.

First, Plaintiff alleges that Defendant breached the Deed of Trust, violating Texas Property

Code § 51.002, by not giving Plaintiff the right to cure and reinstate the Note and attempting to sell

the Property at a foreclosure sale nonetheless.  Dkt. 9 at ¶51.  The Court finds that allegations regarding failures to comply with provisions of the Deed of Trust are sufficient to state a breach of contract claim.  Whether Plaintiff was given adequate notice and an opportunity to cure and whether Plaintiff defaulted on his obligation to pay – as Defendant argues in its motion – are not matters to be determined in the Court's consideration of a motion to dismiss but are reserved for summary judgment or trial.

As to any breach of contract claims based on the alleged modification agreement, however, the Court finds that Plaintiff cannot state a breach of contract claim.  Any unilateral or bilateral contract modifying the underlying Note and Deed of Trust was subject to the requirements of the statute of frauds.  *See* TEX. BUS. & COM. CODE ANN. § 26.02(a)(2) and (b) (2009) (a loan agreement involving a loan exceeding $50,000 in value is subject to the statute of frauds); *Fed. Land Bank Ass'n of Tyler v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991) (any contract subject to the statute of frauds and not in writing is unenforceable under Texas law).  Therefore, in order for Plaintiff to assert a breach of contract claim, any modification of the underlying loan agreement must have been in writing.  The alleged loan modification here was oral; therefore, it was unenforceable until reduced to writing.  The Court finds that Plaintiff has failed to allege breach of any modification agreement.

The Court also finds that Plaintiff cannot base a breach of contract action on a theory that Defendant breached the Deed of Trust by accelerating and foreclosing on the Property after purportedly waiving its right to do so.  The Deed of Trust attached to Plaintiff's complaint expressly provides that "[a]ny forbearance by Lender in exercising any right or remedy … shall not be a waiver

of or preclude the exercise of any right or remedy." Dkt. 9-1 at § 12.  The Court finds that, given the express language of the Deed of Trust, Plaintiff cannot base a breach of contract action on this theory.

For these reasons, the Court also finds that no claim for anticipatory breach has been stated. In Texas, in order to prevail on a claim for anticipatory breach, a plaintiff must establish each of the following elements: (1) an absolute repudiation of the obligation; (2) a lack of a just excuse for the repudiation; and (3) damage to the non-repudiating party. *Gonzalez v. Denning*, 394 F.3d 388, 394 - 95 (5th Cir. 2004).  Plaintiff has not sufficiently stated these elements and specifically has not stated what obligations Defendant repudiated as to the underlying mortgage documents.  Plaintiff has also not alleged sufficient facts in the claim that Defendant "prevented Plaintiff from performing the contract." Dkt. 9 at ¶ 53.  Therefore, any claims for breach of anticipatory contract should be dismissed.

*Breach of Duty of Good Faith and Fair Dealing*

As part of his breach of contract claim, Plaintiff also alleges that Defendant breached its duty of good faith and fair dealing by accelerating the Note. Dkt. 9 at ¶ 52.  The Court finds that this claim should be dismissed because there is no duty of good faith and fair dealing in the lender/borrower relationship.

"Ordinarily, there is no such duty in lender/lendee relationships." *Vogel v. Travelers Indem. Co.*, 966 S.W.2d 748, 753 (Tex. App.– San Antonio 1998, no pet.) (citing *Federal Deposit Ins. Corp. v. Coleman*, 795 S.W.2d 706, 709 (Tex. 1990)); *English v. Fischer*, 660 S.W.2d 521, 522 (Tex. 1983).  Indeed, Texas law does not "recognize a common law duty of good faith and fair dealing in

transactions between a mortgagee and mortgagor, absent a special relationship marked by shared trust or an imbalance in bargaining power." *Coleman v. Bank of Am., N.A.*, 2011 WL 2516169, at *1 (N.D. Tex. 2011) (citing *FDIC v. Coleman*, 795 S.W.2d 706, 708–709 (Tex. 1990)) (internal quotations omitted).  Here, Plaintiff has not alleged what facts would constitute a "special relationship" with Defendant, nor has Plaintiff pointed to any authority to show that there is a duty of good faith and fair dealing in the mortgage context. *See Casterline v. Indy Mac/One West*, 761 F. Supp. 2d 483, 491 (S.D. Tex. 2011); *Smith v. National City Mortg*, 2010 WL 3338537, at *12 (W.D. Tex. 2010).  Therefore, as to this claim, Defendant's motion should be GRANTED and any breach of contract claims based on an implied duty of good faith and fair dealing should be dismissed.

Finally, the Court notes that, to the extent Plaintiff seeks to allege it, no breach of contract claim has been stated against any John Doe Defendants because no agreement between Plaintiffs and those Defendants has been stated.  Thus, the motion to dismiss should be GRANTED as to any such claims.  The only possible breach of contract claim that has been stated here is Plaintiff's claim regarding Defendant's failure to give him the right to cure and reinstate the Note, in violation of the mortgage documents.

## Unreasonable Collection Efforts Claim

Next, the Court turns to Plaintiff's claims of unreasonable collection efforts.  As has been made clear by the Fifth Circuit, the standard for claims of unreasonable collection efforts under Texas law requires a showing of "a course of harassment that was willful, wanton, malicious, and intended to inflict mental anguish and bodily harm." *Water Dynamics, Ltd. v. HSBC Bank USA, Nat.*

*Ass'n*, 2013 WL 363118, 2 (5th Cir. 2013) (citing *EMC Mortg. Corp. v. Jones,* 252 S.W.3d 857, 868 (Tex. App.– Dallas 2008) (noting that "[t]his is the standard for claims of unreasonable collection efforts."). As one court has noted, "[u]nreasonable collection efforts is a Texas common-law intentional tort that lacks clearly defined elements." *B.F. Jackson, Inc. v. Costar Realty Info., Inc.*, 2009 WL 1812922, at \*5 (S.D. Tex. 2009). The reasonableness of conduct is judged on a case-by-case basis. *Id*. (*citing Woodrum v. Bradley*, 1990 WL 151264, at \*4 (Tex. App.-Houston [14th Dist.] 1990, writ denied). Generally, "mental anguish damages alone will not establish a right of recovery; the plaintiff must suffer some physical or other actual damages in order to be entitled to relief." *Id.*

Here, Plaintiff alleges that all Defendants "assessed late charges and penalties, improperly placed the property in foreclosure, and imposed numerous additional charges upon Plaintiff's mortgage loan account" and that Defendant Wells Fargo has "slandered Plaintiff's credit reputation, defamed his credit and exposed him to ridicule in the community, thereby causing him further economic damages," mental anguish and suffering, emotional distress and loss of income. Dkt. 9 at ¶ 57. Having reviewed the complaint, the Court finds that Plaintiff has not alleged a course of harassment by Defendants or alleged any facts that would show that Defendants acted willfully, wantonly, maliciously, or acted with the intent to inflict mental and bodily harm upon Plaintiff. *Myers v. Bank of America, N.A.*, 2012 WL 1107687, 4 (E.D. Tex. 2012) (Schell, J.) ("These allegations do not meet the plausibility standard announced by the United States Supreme Court in *Twombly* and *Iqbal* in that there is no allegation that the Defendant's collection efforts were intended to inflict bodily harm.").

8

The Court notes that, in his Texas Debt Collection Practices Act allegations (not, in his unreasonable collection efforts claim), Plaintiff alleges that "Wells Fargo and/or John Doe's 1-7 called Plaintiff up to three times a day claiming that Wells Fargo had no record of Plaintiff's applications and having Plaintiff reapply over and over delaying him to a point of bankruptcy and foreclosure." Dkt. 9 at ¶9.   However, in the preceding factual portion of Plaintiff's complaint, the Court can only identify three instances where Plaintiff alleges he was contacted telephonically by Wells Fargo, once in December 2007, once in April 2009 and once around August 2009.   Dkt. 9 at ¶¶12, 19, 28.   All other allegations involve calls by Plaintiff or "daily phone calls with Wells Fargo" Dkt. 9 at ¶44.   Even taking Plaintiff's allegations– that Wells Fargo contacted him on three occasions during three separate months over a period of years – as true, the alleged purpose of these two phone calls could not be said to be harassing or abusive and they do not amount to a course of harassment sufficient to state a claim.

Therefore, the motion to dismiss Plaintiff's claim of the common law tort of unreasonable collection efforts should be GRANTED and that claim should be dismissed as to all Defendants.

## Violations of the Texas Deceptive Trade Practices Act

In his claim under the Deceptive Trade Practices Act, Plaintiff argues that Defendants have "violated the DTPA in a manner that has been and is a producing cause of damages" to him.   Dkt. 9 at ¶ 63.   The remainder of Plaintiff's claims under the DTPA are merely a recitation of the statutory elements of a DTPA claim under §§ 17.46(b)(2), 17.46(b)(5), 17.46(b)(12), 17.46(b)(14), 17.46(b)(24), and 17.50(a)(3) of the Texas Business and Commerce Code and do not provide sufficient factual grounds to state a claim.   *See* Dkt. 9 at ¶¶62-63(a)-(f).   For this reason alone,

Plaintiff's DTPA claim should be dismissed.[3]  Moreover, even if the Court were to cobble together the facts alleged in prior portions of his complaint to decipher the deceptive acts alleged and the manner in which he relied – which the Court again does not specifically find – Plaintiff has failed to allege a critical element of his DTPA claim.

To meet the DTPA standing requirement, a complaining party must plead and prove that he is a "consumer" as defined in the DTPA. TEX. BUS. & COM. CODE ANN. § 17.50(a); *Burnette*, 2010 WL 1026968, at *9 (citing *Mendoza v. Am. Nat'l Ins. Co.*, 932 S.W.2d 605, 608 (Tex. App.– San Antonio 1996, no writ)).  To establish consumer status under the DTPA, a plaintiff must be "an individual ... who seeks or acquires by purchase or lease, any goods or services ...." TEX. BUS. & COM. CODE § 17.45(4).  Generally, loans of money or extensions of credit are not considered "goods" or "services" that can form the basis of a DTPA claim. *Gomez v. Wells Fargo Bank, N.A.*, 2010 WL 2900351, 3 (N.D. Tex. 2010) (where party was attempting to only borrow money and not purchase a good or a service, it did not satisfy the requirements for consumer status under the DTPA and therefore failed to state a claim pursuant to the Texas Deceptive Trade Practices Act); *Guardian Life Ins. Co. v. Kinder*, 663 F. Supp.2d 544, 553 (S.D. Tex. 2009); *La Sara Grain Co. v. First Nat'l Bank,* 673 S.W.2d 558, 567 (Tex. 1984); *Riverside Nat'l Bank v. Lewis,* 603 S.W.2d 169, 174 (Tex. 1980); *Maginn v. Norwest Mortgage, Inc.,* 919 S.W.2d 164, 166-67 (Tex. App. – Austin 1996, no writ).  However, a party who obtains a loan which is "inextricably intertwined" in the purchase or

---

[3]"[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed.2d 929 (2007).

lease of a good or service may qualify as a consumer.  *Knight v. Int'l Harvester Credit Corp.,* 627 S.W.2d 382, 389 (Tex. 1982) (finding that a bank customer qualified as a consumer because he sought financing to purchase a dump truck); *Flenniken v. Longview Bank & Trust Co.,* 661 S.W.2d 705, 707 (Tex. 1983) (holding that party was a consumer when party's mortgage loan was intertwined with contractor's agreement to build a house); *Fix v. Flagstar Bank, FSB*, 242 S.W.3d 147, 160 (Tex. App. – Fort Worth 2007, pet. denied) (the refinance of home equity loan cannot qualify as a good or a service under the DTPA); *Marketic v. U.S. Bank Nat. Ass'n*, 436 F. Supp.2d 842, 855 (N.D. Tex. 2006) (one who obtains a home equity loan does not obtain a "good" or a "service" to qualify as a consumer under the DTPA).

Here, Plaintiff has not stated he was a consumer under the DTPA[4] nor have his allegations shown how he could be treated as a DTPA consumer under the case law guiding this Court.  Without facts to show he is a consumer under the Act, Defendant's motion should be GRANTED and Plaintiff's DTPA claim should be dismissed.  *See, e.g., Miller v. BAC Home Loans Serv., L.P.,* __ F. 3d __, 2013 WL 4080717 (5th Cir. 2013) (mortgagor could not state DTPA claim regarding alleged misrepresentations during the course of loan modification was not consumer because complaint was based on "pure loan transaction"); *James v. Wells Fargo Bank, N.A.*, 2013 WL 3240306, 2 (5th Cir. 2013) (affirming district court's findings that the plaintiffs' DTPA claims failed as a matter of law because they were not consumers under the Act).

---

[4]The Court notes he subsequently alleges he is a consumer under the Texas Finance Code in his Texas Debt Collection Practices Act allegations.  *See* Dkt. 9 at ¶ 66.  The Court finds that this is not sufficient to state his DTPA claims.

**Violations of Texas Debt Collection Practices Act**[5]

Next, Defendant seeks dismissal of Plaintiff's claims under the Texas Debt Collection

Practices Act.   In his amended complaint, Plaintiff alleges that Defendants violated Sections

392.301(a)(8), 392.303(a)(2), 392.304(a)(8) and 392.304(a)(19)[6] of the Texas Finance Code.

Section 392.301(a)(8) prohibits threatening to take an action prohibited by law.   The Court

finds that Plaintiff has not sufficiently alleged any facts that would show any threats of actions

prohibited by law.   Therefore, those claims should be dismissed.

Section 392.303(a)(2) of the Texas Finance Code prohibits a debt collector from collecting

or attempting to collect interest or charges not authorized by the Note, Deed of Trust or applicable

law.   Although Plaintiff has alleged that he is not liable for the charges imposed as a result of

Defendants' actions, no facts are alleged in the complaint that would show that the charges were not

---

[5]The Court notes that the Texas Supreme Court has not yet addressed whether
Defendant's actions fall within the scope of "debt collection" as contemplated under the Texas
statute. *See Biggers v. BAC Home Loans Serv., LP*, 767 F. Supp.2d 725, 731 (N.D. Tex. 2011)
("The Texas Supreme Court has not yet addressed whether the act of foreclosure is a 'debt
collection' under the TDCPA.   Intermediate Texas appellate courts have decided cases involving
foreclosure-related claims under the TDCPA without suggesting that foreclosures do not qualify
as 'debt collection.'   And intermediate Texas courts have held that acts related to foreclosing on
real property can violate the TDCPA.").   But, the Fifth Circuit has recently provided guidance in
this regard and the Court proceeds accordingly. *See Miller v. BAC Home Loans Serv., L.P.*, __
F.3d. __, 2013 WL 4080717 (5th Cir. 2013) (finding that loan servicer and assignees are debt
collectors under the TDCPA).

[6]The Court notes that Plaintiff's Amended Complaint actually references
"§ 392.304(19)" – a non-existent statutory provision. *See* Dkt. 9 at ¶67(a).  Because it references
using "deceptive means," the Court assumes that the omission of the "(a)" is a typographical
error, as Defendant apparently has in its motion (*see* Dkt. 13 at 32, addressing Plaintiff's claims
under 392.304(a)(19)).   The Court further notes that Plaintiff correctly refers to the statutory
provision in his response to the motion to dismiss. *See* Dkt. 17 at 21.

authorized by the mortgage documents.  The Court finds that Plaintiff's claims under Section 392.303(a)(2) should also be dismissed.

Finally, Section 392.304(a)(8) of the Texas Finance Code prohibits misrepresenting the character, extent or amount of consumer debt and Section 392.304(a)(19) prohibits the use of false representations or deceptive means to collect a debt or obtain information concerning a consumer. In this case, the Court finds that Plaintiff has sufficiently alleged facts that Defendant misrepresented the amount he owed under various repayment and forbearance agreements.  *See, e.g.*, Dkt. 9 at ¶¶18-19, 27-28.   Plaintiff also alleges representations made to him over a course of years regarding ultimately unsuccessful loan modification and forbearance negotiations, resulting in his submission of financial, asset and income information and the making of partial loan and loan forbearance payments.  According to Plaintiff, Defendant had him apply for loan modification 20-25 times, entered into three agreements to modify the loan, refused to modify the loan, and added numerous charges for late fees and past due interest for nonpayment during these periods. Dkt. 9 at ¶68.  The Court finds that Plaintiff has pled sufficient facts in support of his claim that Defendant used false or deceptive means to collect information from him.   His TDCPA claims under Sections 392.304(a)(8) and (a)(19) should survive dismissal.  *See Iqbal*, 129 S. Ct. at 1950.

Accordingly, the Court finds that the motion to dismiss Plaintiff's TDCPA claim under Sections 392.301(a)(8) and 392.303(a)(2) should be GRANTED and Defendant's motion to dismiss should be DENIED as to Plaintiff's TDCPA claims under Sections 392.304(a)(8) and (a)(19) and those claims shall proceed.

**Negligent Misrepresentation**

The Court next turns to Plaintiff's claims of negligent misrepresentation against Defendants. Under Texas law, a claimant alleging negligent misrepresentation must show the following: (1) the representation is made by a defendant in the course of his business, or in a transaction in which the defendant has a pecuniary interest; (2) the defendant supplies "false information" for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffers a pecuniary loss by justifiably relying on the representation. *Biggers v. BAC Home Loans Servicing, LP*, 767 F. Supp. 2d 725, 734 (N.D. Tex. 2011) (quoting *Sloane*, 825 S.W.2d at 442) (internal quotations omitted). Of critical importance here is that, in order to prevail on a claim of negligent misrepresentation in Texas, the misrepresentation at issue must be one of existing fact because "under Texas law, promises of future action are not actionable as a negligent-misrepresentation tort." *De Franceschi v. BAC Home Loans Servicing, L.P.*, 477 Fed. App'x. 200, 205, 2012 WL 1758597, 3 (5th Cir. 2012) (citing *Scherer v. Angell,* 253 S.W.3d 777, 781 (Tex. App.– Amarillo 2007, no pet.)).  In particular, "representations regarding future loan modifications and foreclosure constitute promises of future action rather than representations of existing fact" and will not support a  misrepresentation claim. *Thomas v. EMC Mortg. Corp.*, 2012 WL 5984943, 3 (5th Cir. 2012) (citing *Scherer v. Angell,* 253 S.W.3d 777, 781 (Tex. App. – Amarillo 2007, no pet.)); *see also Milton v. U.S. Bank Nat. Ass'n*, 2013 WL 264561, 2 (5th Cir. 2013) (plaintiff did not state viable negligent misrepresentation claim based on promise that mortgage servicer would not foreclose during loan modification because it was promise of future conduct); *Fankhauser v. Fannie Mae*, 2011 WL 1630193, at *7 (E.D. Tex. 2011).

In his negligent misrepresentation claim, Plaintiff fails to specify any specific misrepresentations by Defendants. Plaintiff merely states "Defendant Wells Fargo and/or John Doe's 1-7, in the course and scope of its business, made representations, to Plaintiff regarding his mortgage account and a foreclosure sale." Dkt. 9 at ¶ 74. However, in his response to the motion to dismiss, Plaintiff identifies the specific portions of his complaint which he claims state the alleged misrepresentations.

Having reviewed Plaintiff's amended complaint, the Court finds that Plaintiff has sufficiently stated misrepresentations of existing fact regarding whether Defendant had a record of his application, *see* Dkt. 9 at ¶¶ 16, 22, 23, 25, and whether he was approved for mortgage assistance, *see* Dkt 9 at ¶¶ 27 & 28. If true, these allegations could constitute negligent misrepresentation. All other referenced misrepresentations are, however, either not misrepresentations of any fact or are of future actions regarding modification and foreclosure. As the Fifth Circuit has made clear, allegations regarding future modifications and cessation of foreclosure are insufficient to state a misrepresentation claim. *See Thomas,* 2012 WL 5984943 at 3; *Milton*, 2013 WL 264561 at 2.

The Court next addresses Defendant's argument that Plaintiff's negligent misrepresentation claim is barred by the economic loss rule. The economic loss doctrine has been applied consistently to bar claims for negligence and other tort claims when the parties' relationship and its attendant duties arise from a contract. *See Southwestern Bell Tel. Co. v. Delanney* 809 S.W.2d 493, 494-95 (Tex. 1991) ("if the defendant's conduct . . . would give rise to liability only because it breaches the parties' agreement, the plaintiff's claim ordinarily sounds only in contract," and affirming dismissal of negligence claims based on breach of contractual duty); *see also Hugh Symons Group v.*

15

*Motorola, Inc.,* 292 F.3d 466, 470 (5th Cir. 2002) (citing *Haase v. Glazner,* 62 S.W.3d 795, 799

(Tex. 2002)) (a plaintiff generally "may not recover in tort for claims arising out of an unenforceable

contract under the statute of frauds."). Thus, "if the defendant's conduct ... would give rise to

liability independent of the fact that a contract exists between the parties, the plaintiff's claims may

also sound in tort." *Southwestern Bell Tel. Co.,* 809 S.W.2d at 494. If, however, "the defendant's

conduct ... would give rise to liability only because it breaches the parties' agreement, the plaintiff's

claim sounds only in contract." *Id.* In order to recover for a claim of negligent misrepresentation,

a plaintiff must show an injury independent from the subject matter of the contract. *D.S.A., Inc. v.

Hillsboro Indep. Sch. Dist.,* 973 S.W.2d 662, 663–64 (Tex. 1998) (per curiam); *see also Narvaez v.

Wilshire Credit Corp.*, 757 F. Supp.2d 621, 634 (N.D. Tex. 2010).

Here, Plaintiff seeks actual damages, including loss of creditworthiness, mental anguish and

value of the time lost in attempting to correct Defendant's errors. Dkt. 9 at ¶79. Thus, it appears to

the Court that Plaintiff seeks damages in excess of the value of the contract and his negligent

misrepresentation claims shall remain at this time. If Plaintiff fails to offer any evidence of damages

outside of the contract during summary judgment or trial, his negligent misrepresentation claims are

subject to dismissal. *See, e.g., Deuley v. Chase Home Finance LLC,* 2006 WL 1155230, 3 (S.D.

Tex. 2006) ("Therefore, because the Deuleys allege they suffered some type of damages, the Court

denies Chase's motion to dismiss at this stage of the proceedings and instead grants its motion for

a more definite statement so that the type of damages the Deuleys seek may be determined."").

However, construing the factual allegations in a light most favorable to Plaintiff, the economic loss

rule does not bar his claims at this pleading phase of the case and Plaintiff's negligent

16

misrepresentation claims regarding Defendant's record of his loan modification application and his approval for mortgage assistance shall proceed.

### *Malice, Accounting and Declaratory Judgment*

Plaintiff also seeks a declaratory judgment, exemplary damages, (alleging that Defendants acted with malice), and an accounting of all transactions on his mortgage.  Defendant argues that Plaintiff's claim for "malice" should be dismissed because it is not an independent cause of action. Defendant similarly argues that Plaintiff cannot assert his request for an accounting and declaratory judgment as independent claims.  Plaintiff responds that he does not assert malice, declaratory judgment or accounting as independent causes of action. Dkt. 17 at §§ D & G.  Based on Plaintiff's assertion that malice is pled only as a means of recovering exemplary damages, the motion to dismiss the purported claim of malice for failure to state a claim should be DENIED as MOOT and, because the Court has found that Plaintiff has adequately stated claims outside of his breach of contract claims, the Court will not order that any such allegations be removed from the complaint at this time. Similarly, because the Court finds that justiciable issues remain, the motion to dismiss the request for accounting and declaratory judgment for failure to state a claim should be DENIED.

### Res Judicata, Judicial Estoppel & Bank Act

Because the Court finds that Plaintiff has stated sufficient facts to state some of his claims, the Court briefly turns to Defendant's arguments regarding *res judicata* and judicial estoppel, as well as Defendant's preclusion argument under the National Bank Act.

Defendant argues that Plaintiff should be estopped from prosecuting this case because he failed to disclose his claims in his sworn bankruptcy schedules and confirmed plan.  Alternatively,

Defendant argues that Plaintiff's claims should be dismissed based on the doctrine of *res judicata* because Plaintiff's bankruptcy plan – which did not permit a claim against Defendant – was confirmed by another court.

"The doctrine of judicial estoppel is a common law doctrine by which a party who has assumed one position in his pleadings may be estopped from assuming an inconsistent position, particularly in situations where intentional self-contradiction is being used as a means of obtaining unfair advantage in a forum provided for suitors seeking justice." *In re Oparaji*, 698 F.3d 231, 235 (5th Cir. 2012) (internal citations and quotations omitted).  Three requirements must be met in order for judicial estoppel to operate: (1) the party is judicially estopped only if its position is clearly inconsistent with the previous one; (2) the court must have accepted the previous position; and (3) the non-disclosure must not have been inadvertent.  *Love v. Tyson Foods, Inc.*,  677 F.3d 258, 262 - 263 (5th Cir. 2012).  "In the context of judicial estoppel, 'inadvertence' requires either that the debtor lacks knowledge of the undisclosed claim *or* has no motive for its concealment." *Kane v. National Union Fire Ins. Co.*, 535 F.3d 380, 385-86 (5th Cir. 2008) (internal quotations and citations omitted) (emphasis in original).  The Court finds that the matter of whether Plaintiff properly listed his claims against Wells Fargo in his bankruptcy schedules and whether any failure to do so was inadvertent is a matter to be determined after an examination of documentary and testimonial evidence, either presented through summary judgment or trial evidence.  *See, e.g., Love v. Tyson Foods, Inc.*,  677 F.3d 258, 262 -263 (5th Cir. 2012) (non-movant's summary judgment burden was to create fact issue regarding whether he acted inadvertently in failing to disclose claims in his schedule of assets).

The Court notes that the doctrine of judicial estoppel seems more applicable to Defendant's allegations than does *res judicata*,[7] however the Court reserves a final determination as to which doctrine, if any, may apply until evidence regarding the bankruptcy proceedings is properly before the Court.[8]

As to Defendant's argument that Plaintiff's claims are preempted by the National Bank Act, 12 U.S.C. §§ 21, et seq., the Court is not convinced. The cases cited by Defendant do not apply to foreclosure proceedings or any statutory provisions relied on by Plaintiff in this case, and the Court declines to find that the claims remaining against Defendant – as a matter of law – involve any alleged obstruction or impairment of Wells Fargo's real estate lending powers, such that the provisions of 12 C.F.R. § 34.4(a) and the like would be implicated. Without specific authority regarding preemption, the Court declines to recommend dismissal on this basis. *See McDonald v. Deutsche Bank Nat. Trust Co.*, 2012 WL 2122168, 6 (N.D. Tex. 2012) (rejecting the defendant bank's argument where defendants "have failed to substantiate this argument beyond a conclusory

---

[7]If the bankruptcy court made a specific finding as to the claims regarding Plaintiff's mortgage, perhaps *res judicata* would apply. *See Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401 (5th Cir. 2009) (*res judicata* applies when (1) the parties in a prior and present suit are identical; (2) a court of competent jurisdiction rendered the prior judgment; (3) the prior judgment was final and on the merits; and (4) the plaintiff raised the same cause of action in both suits).

[8]The Court notes that Defendant has attached to its motion to dismiss many of the bankruptcy court pleadings. Although this Court is permitted to consider matters of public record during the motion to dismiss phase, based on the record and allegations in this case, the Court finds that it cannot resolve these defenses without giving Plaintiff the opportunity to present additional controverting evidence regarding the bankruptcy proceedings. And, because no notice has been provided to the parties accordingly, the Court declines to convert this motion into a motion for summary judgment pursuant to Federal Rule of Civil Procedure 12(d). The parties' evidence regarding the bankruptcy proceedings will be considered at a later phase.

statement, nor have they cited to a single court that has found that the TDCPA is preempted by the National Bank Act."); *Fashina v. Federal Home Loan Mortg. Corp.*, 2012 WL 6772058, 3 (N.D. Tex. 2012) (finding the defendant's argument that the plaintiff's DTPA and common law causes of action for fraud, negligence and gross negligence were preempted by the National Bank Act were without merit because the defendant failed to show how those causes of action impaired the defendant's ability to fully exercise its federally-authorized real estate lending powers).

In finding that some of Plaintiff's claims survive 12(b)(6) scrutiny, the Court notes that – as recognized by its findings regarding Plaintiff's motion for temporary restraining order, at which time the Court found that Plaintiff had not yet sustained his evidentiary burden – Plaintiff's claims will ultimately only survive with evidentiary support. Nonetheless, Plaintiff's complaint has stated a claim as to those causes of action to proceed in the case.

**Claims Against Unknown/John Doe Defendants**

Because Plaintiff has lodged his complaints here jointly against "Defendants" without any notable distinction between the allegations lodged against the two and for the same reasons set forth above, the Court finds that Plaintiffs' breach of contract, common law tort of unreasonable collection efforts, DTPA, and TDCPA claim under Sections 392.301(a)(8) and 392.303(a)(2) claims against the Unknown/John Doe Defendants should be dismissed with prejudice for failure to state a claim.

As to Plaintiff's negligent misrepresentation claims and TDCPA claims under Sections 392.304(a)(8) and (a)(19), as well as any claims for equitable relief, against the Unknown/John Doe Defendants, the Court will not address whether claims have been stated without hearing from

20

Plaintiff (although it does not appear they have).  The Court finds that they should be dismissed without prejudice for lack of service.  FED. R. CIV. P. 4(m) (if a plaintiff has not effected proper service within 120 days of the filing of a complaint, a court may either dismiss the action without prejudice or allow additional time for service).

### RECOMMENDATION

Therefore, Defendant Wells Fargo, N.A.'s Motion to Dismiss Plaintiff's First Amended Complaint (Dkt. 13) should be GRANTED as to (1) Plaintiff's claim of breach of contract based on breach of oral loan modification, waiver, anticipatory breach, breach of duty of good faith and fair dealing; (2) Plaintiffs' claim of unreasonable collection efforts; (3) Plaintiff's claims of violations of the Deceptive Trade Practices Act and (4) Plaintiff's TDCPA claim under Sections 392.303(a)(2) and 392.301(a)(8) and those claims should be DISMISSED with prejudice against all Defendants. Further, the Court finds that Defendant's motion should be DENIED as to (1) Plaintiff's breach of contract claim against Wells Fargo based on a breach of the mortgage documents that he was not given adequate notice and an opportunity to cure; (2) Plaintiff's negligent misrepresentation claim against Wells Fargo, as narrowed by the Court; (3) Plaintiff's TDCPA claims against Wells Fargo under Sections 392.304(a)(8) and (a)(19), and (4) Plaintiff's request for declaratory judgment and accounting, and the Court finds that Defendant's motion should be DENIED as MOOT as to Plaintiff's allegations of malice.  Further, the Court finds that any remaining claims against the Unknown/John Doe Defendants should be DISMISSED without prejudice pursuant to Rule 4(m).

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge.  28

U.S.C.A. § 636(b)(1)(C).  Failure to timely file written objections to the proposed findings and recommendations contained in this report shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice.  *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

     **SIGNED this 14th day of August, 2013.**


_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE